ISAIAH CARTER v. STATE.

No. A-6575.   Opinion Filed July 6, 1929.
(279 Pac. 368.)

W. B. Toney, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted on a charge of selling intoxicating liquor to Calvin Wheat, and sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days, and has appealed to this court.

The state called Calvin Wheat, who testified that on the 21st day of November, 1926, at the defendant's home he bought a pint of whisky, and paid him $2.50. The record shows that Truman Osborn went to the defendant's home with the prosecuting witness. On cross-examination the prosecuting witness was asked if he had not told Eb King that the whisky belonged to him, but that he was going to try to unload it all on the defendant. The witness admitted he had talked with King, but denied he had made any statement about which the defendant inquired. King was not called as a witness to contradict the prosecuting witness.

The defense of the defendant was an alibi. No request was made for an instruction on the law of an alibi, nor does the defendant complain of the failure of the court to instruct upon the question of an alibi.

Several errors are assigned by the defendant as grounds sufficient to reverse this case. The defendant urges that the court erred in refusing to permit him to

cross-examine the witness Calvin Wheat as to whether or not he had stolen a pistol belonging to Eastup.

In this case the testimony of the prosecuting witness is positive that he bought the whisky from the defendant and paid him for it. Truman Osborn, who accompanied him to the home of the defendant, testified in answer to the direct question, "Did you get some whisky? A. Yes, sir. Q. How much did you get? A. A pint." On cross-examination Osborn says he did not see the prosecuting witness pay the defendant for the whisky. The defendant denies selling the whisky to the prosecuting witness Wheat; says he was not at home on the Sunday that Wheat claims to have bought the whisky. The wife of the defendant and other witnesses testified he was not at home on that date.

The jury are the sole and exclusive judges of the evidence and the credibility of the witnesses and their demeanor on the witness stand. The testimony in this case is in direct conflict. This court has repeatedly held that, where there was any competent evidence to sustain the verdict, though conflicting, it would not disturb the verdict.

The defendant objected to the instructions of the court, but, upon a careful reading of the same, we hold they properly declared the law as applied to the facts in this case. Under the evidence in this case, we hold that the defendant's rights were not prejudiced by the court refusing to permit the defendant to ask the prosecuting witness if he had not stolen a pistol. The testimony is sufficient to sustain a conviction. The case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.